UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTIAN GUTIERREZ,                    Case No. 13-12314

            Plaintiff,                  Matthew F. Leitman
v.                                      United States District Judge

COMMISSIONER OF SOCIAL SECURITY,        Michael Hluchaniuk
                                        United States Magistrate Judge

            Defendant.
_____/

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 12)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On May 24, 2013, plaintiff filed the instant suit seeking judicial review of

the Commissioner's unfavorable decision disallowing benefits.  (Dkt. 1).  Pursuant

to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to

the undersigned for the purpose of reviewing the Commissioner's decision denying

plaintiff's claim for a period of disability and disability insurance benefits.  (Dkt.

2).  This matter is before the Court on cross-motions for summary judgment.  (Dkt.

9, 12).

### B.   Administrative Proceedings

Plaintiff filed the instant claims on January 5, 2012, alleging that her

disability began on March 5, 2011.  (Dkt. 7-2, Pg ID 44).  The claim was initially

disapproved by the Commissioner on April 17, 2012.  (Dkt. 7-2, Pg ID 44).

Plaintiff requested a hearing and on December 19, 2012, plaintiff appeared with

counsel before Administrative Law Judge (ALJ) Dawn M. Gruenberg, who

considered the case *de novo*.  In a decision dated January 3, 2013, the ALJ found

that plaintiff was not disabled.  (Dkt. 7-2, Pg ID 44-57).  Plaintiff requested a

review of this decision on January 10, 2013.  (Dkt. 7-2, Pg ID 39).  The ALJ's

decision became the final decision of the Commissioner when, after the review of

additional exhibits[1], the Appeals Council, on March 22, 2103, denied plaintiff's

request for review.  (Dkt. 7-2, Pg ID 28-31); *Wilson v. Comm'r of Soc. Sec.*, 378

F.3d 541, 543-44 (6th Cir. 2004).

    For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for

summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review.  *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II.    FACTUAL BACKGROUND

A.    <u>ALJ Findings</u>

Plaintiff was 38 years of age on the alleged disability onset date. (Dkt. 7-2, Pg ID 55). Plaintiff had past relevant work as an automotive assembler and automobile salesperson. (Dkt. 7-2, Pg ID 55). The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the alleged onset date. (Dkt. 7-2, Pg ID 46). At step two, the ALJ found that plaintiff's chronic costochondritis, obstructive sleep apnea, obesity, depression, and anxiety were "severe" within the meaning of the second step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 7-2, Pg ID 48). At step four, the ALJ found plaintiff could perform sedentary work except that:

> [S]he could frequently kneel, but only occasionally stoop, crouch, or crawl. The claimant could never climb ladders, ropes, or scaffolds. She could frequently lift to shoulder height, but only occasionally lift overhead. The claimant should avoid even moderate exposure to vibrations and workplace hazards, such as moving machinery and unprotected heights. She can understand, remember, and carry out 1- and 2-step instructions, and make independent work decisions.

(Dkt. 7-2, Pg ID 50). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national

economy.  (Dkt. 7-2, Pg ID 56).

    B.    Plaintiff's Claims of Error

    Plaintiff asserts that the ALJ erred as a matter of law in assessing her

credibility, failing to properly evaluate the medical evidence of record, and

forming a hypothetical question that did not accurately portray her impairments.

According to plaintiff, the ALJ erred by not fully crediting her testimony regarding

her impairments.  She asserts that her testimony is supported by the medical

records.  Dr. Castillo indicated in a record dated 1/30/2012 that "she continues to

be unable to push, lift, and pull."  (Tr. 222).  The assessment at (Tr. 224) was that

of costochondritis.  Also, the record again indicates that she "still cannot lift

repetitively."  (Tr. 228).  The record dated 9/27/2011 indicated that "she has

increased chest wall pain and pain in her right hand."  (Tr. 229).  Dr. Castillo in

that record also indicated that "she continues to be disabled from her present job

since it requires lifting and repetitive motion as well as pushing and pulling which

aggravates her chest wall condition."  (Tr. 229).  Additionally, the record dated

5/10/2011 indicated that "when she tries to lift anything more than 10 [pounds] she

has chest wall tenderness."  (Tr. 236).  In a record dated 4/4/2012, Dr. LaClair

discusses plaintiff's costochondritis and indicates that "she has had an increase in

pain in the last month having some positional numbness and tingling in her arms."

(Tr. 275).  Also at (Tr. 283), the record indicated that "her bone scan was definitely

positive for costochondritis and arthritis" and that "both arms are numb continuously." The record (Tr. 286) indicates that the "patient is unable to work at this time secondary to her severe chest wall pain." Thus, plaintiff contends that her testimony regarding her severe medical impairments is backed up by medical documentation and for the ALJ to indicate that her testimony was not credible is in error.

Plaintiff also argues that the hypothetical question posed by the ALJ to the vocational expert did not represent the claimant in every relevant aspect, as required. The vocational expert was asked if those jobs "with a sit stand option at will with all the limitations" that were given, whether the jobs would still be available, and the VE testified that "would very possibly be work preclusive for those jobs." (Tr. 60-61). Additionally, when asked the affect of taking "naps or reclin[ing] throughout the day at unscheduled breaks, and this would lead this individual to be off task 15 percent of the work day," the VE testified that would be work preclusive. (Tr. 61). He additionally indicated work preclusion if the individual would be "absent form work two or more days a month on a continuing and ongoing basis." (Tr. 61).

Plaintiff next cites extensive case law regarding the appropriate treatment of treating physician opinions by the Commissioner, and then asserts that it is clear from the medical evidence of record and plaintiff's testimony that her ability to

Report and Recommendation
Cross-Motions for Summary Judgment
*Gutierrez v. Comm'r*; Case No 13-12314

engage in substantial gainful activity is severely limited as a result of her physical conditions.  Plaintiff argues that, as such, she is only capable of engaging in substantial gainful activity only by enduring great pain and should, therefore, be found disabled in accordance with the Social Security Rules and Regulations. According to plaintiff, the reasons given by the ALJ in discounting her testimony are clearly insufficient, as argued above, and go against the rules, regulations and cases cited to above and, therefore, plaintiff argues that the great weight of the evidence supports her testimony regarding her conditions and problems, and she should be found disabled in accordance with this testimony.

### C.      Commissioner's Motion for Summary Judgment

The Commissioner asserts that plaintiff has waived her argument that the ALJ failed to adequately evaluate her credibility.  The Commissioner points to a similar finding of waiver in *Burger v. Commissioner of Social Security*, 2013 WL 2285375 (E.D. Mich. 2013).  After some boilerplate language unconnected to the facts of this case, the Commissioner says plaintiff essentially argues that she testified to work-preclusive limitations, the ALJ did not adopt those limitations, and thus the ALJ erred.  According to the Commissioner, plaintiff's argument is inadequate to avoid waiver.  "[Issues] adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996); *see also Kennedy v.*

*Comm'r of Soc. Sec.*, 87 Fed.Appx. 464, 466 (6th Cir. 2003). "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997); *see also Roby v. Comm'r of Soc. Sec.*, 48 Fed.Appx. 532, 539 n. 2 (6th Cir. 2002). Despite plaintiff's recitation of her testimony, the Commissioner contends that she fails to explain why it was erroneous for the ALJ to decline to accept it. Rather, according to the Commissioner, plaintiff seeks to have this Court develop her argument for her, but a "skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). Or, as the Seventh Circuit more colorfully stated, "[j]udges are not like pigs, hunting for truffles buried in briefs." *Id.* Plaintiff asserts that the ALJ should have believed her testimony concerning her limitations, but fails to develop that point at all. The Commissioner asserts that plaintiff has not presented any argument as to why that testimony had to be believed and, to the extent that an argument can be discerned, plaintiff appears to argue that the ALJ can only properly consider a claimant's testimony by accepting that testimony. But, the Commissioner points out that well-established law is to the contrary. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ . . . is required to incorporate only those limitations accepted as credible by the finder of fact."). The Commissioner asserts that the

Report and Recommendation
Cross-Motions for Summary Judgment
*Gutierrez v. Comm'r*; Case No 13-12314

*Burger* court is not alone in its view of plaintiff's arguments.  *See e.g.*, *Dice v. Comm'r of Soc. Sec.*, 2013 WL 2155528, at *7 (E.D. Mich. 2013) (Hluchaniuk, M.J.) ("While the undersigned has thoroughly reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the bald claims that the ALJ erred, while leaving it to the Court to scour the record to support this claim . . . . In the view of the undersigned, plaintiff's argument is wholly insufficient and undeveloped."); *Jackson v. Comm'r of Soc. Sec.*, 2013 WL 1148417 (E.D. Mich. 2013) (same language, also involving a case briefed by Plaintiff's counsel); *Deguise v. Comm'r of Soc. Sec.*, 2013 WL 1189967, at *7 (same language and counsel, also stating that "Plaintiff's arguments regarding the assessment of his credibility and any inconsistency or error in the VE's testimony regarding the DOT are so woefully underdeveloped that they need not be considered any further."); *Bush v. Astrue*, 2013 WL 1747807 (E.D. Mich. 2013) (Grand, M.J.) (referring to counsel's "failure to make any developed arguments about any alleged errors in the ALJ's decision" and noting that a "court is under no obligation to scour the record for errors not identified by a claimant").

The Commissioner also contends that the ALJ's credibility finding, which is entitled to deference, is well-supported.  According to the Commissioner, the ALJ reasonably determined that plaintiff could perform sedentary work, except that she could frequently kneel, but only occasionally stoop, crouch or crawl and never

climb ladders, ropes, or scaffolds.  (Tr. 23).  She could frequently lift to shoulder height but only occasionally lift overhead.  (Tr. 23).  The ALJ limited her to avoid even moderate exposure to vibrations and workplace hazards, such as moving machinery and unprotected heights.  (Tr. 23).  According to the Commissioner, the ALJ's residual functional capacity findings reflect that the ALJ credited many of plaintiff's complaints to the extent that they were supported by the record.  However, the Commissioner maintains that the ALJ reasonably declined to accept plaintiff's allegations of disabling pain or symptoms.

With respect to plaintiff's alleged chest pain and associated upper extremity symptoms, the ALJ explained that the record was consistent with a limitation to sedentary work with reduced postural activities and ability to lift at or above shoulder level.  (Tr. 24-25).  These limitations were supported by the findings from Dr. LaClair, who reported that plaintiff had pain with rotation and abduction in her upper extremities in March and April 2012.  (Tr. 276, 277-78).  However, the ALJ noted that the objective evidence did not support the severity of plaintiff's allegations or reflect additional limitations.  The ALJ noted that plaintiff's examination findings revealed evidence of costochondritis as well as degenerative changes in her lower sternum.  (Tr. 25, citing Tr. 283).  The ALJ explained that this evidence did not support the extreme physical restrictions plaintiff described at the hearing.  (Tr. 25).

The Commissioner also points out that plaintiff's treating physician, Dr. Castillo consistently observed that plaintiff's chest and rib tenderness did not cause any abnormality in plaintiff's peripheral joints. (Tr. 25, citing Tr. 222-68, 281, 283, 286, 296). The ALJ pointed out that the record did not contain evidence of any swelling in plaintiff's wrists or hands and plaintiff denied upper extremity numbness or tingling after she started to take medication. (Tr. 25, 299). Although plaintiff alleged difficulty with lifting anything heavier than five pounds, she generally told Dr. Castillo that she experienced increased pain when she tried to lift 10 pounds or more. (Tr. 229, 237). The Commissioner contends that the ALJ explained that the inconsistencies between plaintiff's testimony and evidence detracted from her credibility and did not support a finding that plaintiff had disabling symptoms. (Tr. 25).

While plaintiff argues that the medical record supports her testimony and cites to evidence documenting the presence of costochondritis and difficulty using her upper extremities, the Commissioner contends that the ALJ reviewed this evidence and accounted for the reasonable limitations caused by plaintiff's impairments by limiting her to sedentary work with postural and lifting restrictions. (Tr. 23). 20 C.F.R. § 404.1567(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."). According to the Commissioner, plaintiff

has failed to explain why the evidence she cites would reflect greater limitations than the ALJ found.

The ALJ also noted that the March 2012 opinion from Daniel Dolanski, D.O., the state agency medical consultant, did not reflect disabling limitations. Dr. Dolanski concluded that plaintiff could perform sedentary work with frequent balancing and kneeling, but only occasional stooping, crouching, or crawling. (Tr. 77-78). He further stated that plaintiff could perform occasional overhead lifting and reach frequently in all directions with her arms. (Tr. 78). Additionally, he reported that plaintiff should avoid even moderate exposure to vibration and workplace hazards. (Tr. 79). The ALJ gave Dr. Dolanski's opinion great weight because it was consistent with the medical evidence of record regarding the effects of plaintiff impairments on her ability to perform exertional and manipulative activities. (Tr. 27).

The Commissioner also points that, as required by the regulations, the ALJ discussed other evidence of record in addition to the objective medical evidence. *See* 20 C.F.R. § 404.1529(c)(3) (listing the factors an ALJ may consider in evaluating a claimant's credibility). The ALJ noted inconsistencies in the level of her reported activities. (Tr. 26). *See* 20 C.F.R. § 404.1529(c)(3)(i) (an ALJ may consider a claimant's daily activities in evaluating her credibility). For example, plaintiff testified that, with respect to meal preparation, shopping, and other normal

tasks, she helped "a little bit what I can do," but her husband and sons performed most of the work. (Tr. 53-54). However, plaintiff told Dr. LaClair that she was independent in her activities of daily living, only needing assistance with heavier tasks, such as vacuuming. (Tr. 275). Plaintiff's descriptions in her Adult Function Report are similar. She indicated that she performed cooking, self-care, and light housework adequately with some assistance for the specific tasks she found more difficult. (Tr. 186-87). The ALJ acknowledged that it was possible that plaintiff's activities and independence had decreased between the time she completed the function report and when she testified at the hearing, but reasonably noted that her general functioning over the entire period at issue demonstrated that she was less limited than alleged. (Tr. 26).

The ALJ also noted that there were inconsistencies between Plaintiff's complaints of daytime fatigue and the record as a whole. (Tr. 26). Social Security Ruling 96-7p, 1996 WL 374186, at *5 ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record.). The ALJ noted that a March 2011 examination revealed results that could be consistent with poor sleep quality, daytime fatigue, and headaches. (Tr. 341). However, the ALJ also pointed out that plaintiff seldom complained about these problems to Dr. Castillo. (Tr. 26). Moreover, the ALJ explained that although plaintiff was prescribed treatment measures such as a

CPAP machine, weight loss, and discontinuation of sedative medications, there was no evidence that she followed up with any of these recommendations.  (Tr. 26, 342).  20 C.F.R. § 404.1529(c)(3)(iv)-(v) (an ALJ may consider a claimant's treatment or other measures used to relieve pain).  According to the Commissioner, the ALJ's decision reflects that she did not reject plaintiff's statements about the intensity and persistence of her symptoms solely because the objective medical evidence did not support her statements, but rather considered other relevant factors as required by 20 C.F.R. § 404.1529(c)(3).  While plaintiff may disagree with the ALJ's credibility assessment, the Commissioner maintains that she has failed to demonstrate a basis for overturning the finding, especially in light of the great weight and deference that an ALJ's credibility finding is entitled to on review.  *See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  Because the ALJ's credibility finding is supported by substantial evidence, the Commissioner asserts that it should not be disturbed.

At the administrative hearing, the ALJ asked the vocational expert whether an individual with plaintiff's vocational background and limitations consistent with her RFC would be able to work.  (Tr. 58-59).  Based on those assumptions, the vocational expert identified thousands of jobs that such a person could still perform.  (Tr. 59).  The ALJ relied on this testimony in finding that Plaintiff could still work despite his impairments.  (Tr. 29).  Plaintiff contends that the ALJ's

hypothetical question was deficient because it did not reflect all of her complaints and argues that the ALJ should have relied on the vocational expert's testimony in response to a hypothetical question that included a sit/stand option, unscheduled breaks lasting 15% of the workday due to her need to nap, and an allowance for her to be absent from work two or more days a month on a continuing and ongoing basis. However, it is well-established that an ALJ need only include a plaintiff's substantiated limitations in the hypothetical question. *See Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). The Commissioner maintains that the ALJ thoroughly explained why plaintiff's complaints were not fully credible and the ALJ's hypothetical question properly included only plaintiff's substantiated limitations. The Commissioner asserts, therefore, that plaintiff has failed to show that additional limitations were warranted. Accordingly, the ALJ reasonably relied on the vocational expert's testimony that plaintiff would be able to perform thousands of jobs despite his limitations.

## III.    DISCUSSION

### A.    Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being

arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a

claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence.").  "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'"  *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

        If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion."  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475.  "The substantial evidence standard

presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed.Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

B.     Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed.Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.

Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.

Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20

C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534.  "If the Commissioner

makes a dispositive finding at any point in the five-step process, the review

terminates."  *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence

and severity of limitations caused by her impairments and the fact that she is

precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited

with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step

without a finding that the claimant is not disabled, the burden transfers to the

Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006).

At the fifth step, the Commissioner is required to show that "other jobs in

significant numbers exist in the national economy that [claimant] could perform

given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at

241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

 If the Commissioner's decision is supported by substantial evidence, the

decision must be affirmed even if the court would have decided the matter

differently and even where substantial evidence supports the opposite conclusion.

*McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where

substantial evidence supports the ALJ's decision, it must be upheld.

 C. <u>Analysis and Conclusions</u>

 While the undersigned has thoroughly reviewed the record evidence, the

parties' submissions, and the ALJ's decision, plaintiff cannot simply make the bald

claims that the ALJ erred, while leaving it to the Court to scour the record to

support this claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)

("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived. It is not sufficient for a party to

mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted).  In the view of the undersigned, plaintiff's arguments are wholly insufficient and undeveloped.  Plaintiff offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence and offers no factual or legal basis for the Court to conclude that the ALJ committed reversible error, in particular as to plaintiff's claims regarding the treating physician opinion.  Plaintiff's brief contains no argument whatsoever on this issue.  Rather, plaintiff's brief merely contains blocks of law on the subject without any analysis of the record.  In addition, the undersigned agrees with the Commissioner that plaintiff did not raise any issues regarding the ALJ's findings on her mental limitations.

Moreover, as described in detail above, the Commissioner convincingly establishes that the ALJ's RFC is well-supported by substantial evidence and that plaintiff's credible limitations were accommodated in both the RFC and the hypothetical question posed to the vocational expert.  The ALJ's credibility analysis was thorough, followed applicable law, and she specifically relied on substantial evidence in the record to support each of her conclusions.  Plaintiff's

Report and Recommendation
Cross-Motions for Summary Judgment
*Gutierrez v. Comm'r*; Case No 13-12314

argument that the ALJ erred by not adopting her testimony wholesale is neither well-developed nor supported by the record evidence.  Plaintiff fails to explain how the ALJ's RFC does not accommodate her credible limitations, as found by the ALJ, which are fully supported by substantial evidence in the record.

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 23, 2014                           s/Michael Hluchaniuk
                                              Michael Hluchaniuk
                                              United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

I certify that on <u>July 23, 2014</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to parties of record.

                                              s/A. Chubb for Tammy Hallwood
                                              Case Manager
                                              (810) 341-7887
                                              tammy_hallwood@mied.uscourts.gov

Report and Recommendation
Cross-Motions for Summary Judgment
*Gutierrez v. Comm'r*; Case No 13-12314